**Gail GARDINER and Arthur R. Gardiner and Balloons By Us of Long Island, Inc., Plaintiffs,**

v.

**Michael GENDEL and Sweet Air Novelties, Inc., Defendants.**

**No. CV 88–0537.**

United States District Court, E.D. New York.

Dec. 20, 1989.

Edward H. Loveman, Melville, N.Y., for plaintiffs.

Mark P. Stone, Stamford, Conn., for defendants.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

WEXLER, District Judge.

On February 22, 1988, plaintiffs Gail and Arthur Gardiner, individuals residing in Suffolk County, New York, commenced this action for design patent infringement, statutory unfair competition, and common law unfair competition against defendants Michael Gendal, an individual residing in Suffolk County, New York, and Sweet Air Novelties, Inc., a New York corporation having its principal place of business in Dix Hills, New York. Defendants counterclaimed seeking a declaration that the design patent asserted by the plaintiffs is invalid, void and unenforceable; and seeking damages based upon patent misuse, antitrust violations, and unfair competition by the plaintiffs in connection with the procurement and enforcement of the design patent in suit. On May 22, 1989, plaintiffs filed an amended complaint naming Balloons By Us of Long Island, Inc., a New York corporation controlled by the plaintiffs, as a party plaintiff to this action. Defendants served their answer, affirmative defenses, and counterclaims to the amended complaint, asserting the same counterclaims as in the original answer and additionally asserting a counterclaim for common law misrepresentation and unfair competition, requesting an award of both compensatory and punitive damages.

This matter was tried on August 28 and August 31, 1989. After a two day non-jury trial, the Court made preliminary findings and conclusions dismissing plaintiffs complaint and holding:

(1) that United States Design Patent No. 290,823 is unenforceable as a result of inequitable conduct practiced by the plaintiffs;

(2) that the design patent is invalid as being anticipated by the prior art; and

(3) that the design patent is invalid as being obvious over the prior art.

The Court denied defendants' counter-claims for damages on the grounds that no damages had been proven, and the Court reserved judgment on defendants' request for an award of reasonable attorney fees pursuant to the patent statutes, pending briefing by the parties on the issue of this award.

## SUMMARY

On October 14, 1986, plaintiffs filed United States Design patent application serial no. 918,800 with the United States Patent and Trademark Office for a design entitled "Combined Balloon and Candy Centerpiece." Ms. Gardiner contends that the design was invented jointly by herself and her husband on November 16, 1985. The design claimed in the patent application consists of a transparent circular base, a ribbon mounted to the upper surface of the base, and a circular balloon also mounted to the upper surface of the base, arranged so that the major portion of the balloon is elevated above the top of the ribbon. While the patent application was pending, plaintiffs and their attorney filed a document dated November 26, 1986, informing the Patent Examiner of two prior art design patents. Plaintiffs concluded the Petition to the Patent Examiner by representing that neither of these two design patents disclose or suggest the design shown in plaintiffs' patent application, and alleging that plaintiffs' design is patentable over the prior art.

At least as early as May 1985, plaintiffs were selling in the United States a prior design including a base, a bow mounted to the upper surface of the base, and a circular balloon also mounted to the upper surface of the base, arranged so that the major portion of the balloon was elevated above the top of the bow. Plaintiffs never disclosed this earlier design to the Patent and Trademark Office during the prosecution of their application for a design patent. The earlier design sold by plaintiff was more relevant to the design claimed in plaintiffs' design patent application than were the two prior art references cited by them to the Patent Examiner. Plaintiffs' earlier design and their patented design include a combination of a bow and a circular balloon mounted on a base, while none of the prior art considered by the Patent Examiner, including the two design patents cited by plaintiffs to the Patent Examiner, included this combination.

Plaintiffs did not claim, nor did they offer, any testimony or evidence at trial that their failure to cite their earlier design to the Patent Examiner was in good faith, an honest mistake or a simple negligent error. Plaintiffs provided no explanation or any affirmative evidence of good faith in failing to disclose their earlier design to the Patent Examiner.

On or about October 16, 1986, two days after plaintiffs had filed their design patent application, plaintiffs' attorney, Edward H. Loveman, Esq., sent letters to defendant Michael Gendal and to two customers of defendants advising the recipients of the pending design patent application, informing the recipients that they were infringing the "patent rights" of the plaintiffs; informing the recipients that the plaintiffs "have and continue to vigorously enforce their patent rights;" and threatening the recipients with an action for patent infringement unless assurances were provided to plaintiffs' attorneys that the recipients would immediately cease manufacturing, selling or using their designs within ten days of the date of the letter. Plaintiffs' Design Patent No. 290,823 was issued on July 14, 1987, more than eight months after these letters were sent. At the time the letters were sent, plaintiffs had no patent rights, knew they had no patent rights, and could not have commenced any action for patent infringement. A distributor of designs manufactured by defendants testified at trial that he received one of plaintiffs' letters and decided not to carry defendants' design as a direct result of plaintiffs' letter because he did not want a lawsuit.

The Court finds the testimony of plaintiff Gail Gardiner and plaintiffs' witnesses, including Karen Rosenberg, a distributor of plaintiffs' designs, to have been less than truthful. The Court further finds that

plaintiffs have failed to act in good faith throughout the prosecution and trial of this matter.

### FINDINGS OF FACT

1. In light of the totality of the circumstances, the Court finds that plaintiffs have engaged in inequitable conduct in the procurement of the design patent in suit by intentionally failing to disclose their own known prior art design, which was more relevant than any prior art considered by the Patent Examiner, with an intent to mislead and deceive the Patent and Trademark Office.

2. The Court finds that an intent to mislead and deceive the Patent Examiner also may be inferred from plaintiffs' affirmative misrepresentation of the state of the prior art to the Patent Examiner, caused by plaintiffs' citation of clearly less relevant prior art while withholding the most relevant prior art.

3. The Court finds that plaintiffs sent false cease and desist patent infringement letters to defendants and their customers and distributors.

4. The evidence presented at trial establishes that at least as early as late 1983, and throughout the year of 1984, Ms. Barbara Moore was offering for sale, selling and publicly displaying in retail stores operated by her in New York a design having a transparent circular base, a bow mounted to the top surface of the base, and a circular balloon also mounted to the top of the base, arranged so that the major portion of the balloon was elevated before the top of the bow. A former employee of Barbara Moore testified at trial that he personally made and sold designs represented by defendants in Goodies and More, a retail store operated in New York by Barbara Moore and her husband, under the supervision of Barbara Moore, at least as early as late 1983 and throughout the year 1984.

The Court finds that a prior art was offered for sale, sold, and publicly displayed in the United States at least as early as 1984 by Barbara Moore, and that Barbara Moore's design includes all elements claimed in the design patent in suit as warranted in the claim, and therefore anticipates plaintiffs' patented design.

The Court finds that the invention claimed in the patent was in "public use" or sold in the United States more than one year prior to the date of the application for patent. The application for patent was filed on October 14, 1986.

Plaintiffs have also failed to present evidence at trial in support of their claims for statutory unfair competition and common law unfair competition based upon the copying by defendants of plaintiffs' product configuration. Plaintiffs have presented no evidence at trial that the configuration of their design has acquired public recognition or secondary meaning, or that the public associates plaintiffs' design with the plaintiffs or a single source. The prior sale of a substantially identical design by Ms. Barbara Moore further belies any contention by the plaintiffs that the configuration of their design is recognized by the consuming public as an indication that the product configuration originates only from a single source.

The Court further finds that plaintiffs have failed to meet their burden of proof in establishing likelihood of confusion between their design and the design of defendants. Plaintiffs failed to prove or offer any evidence at trial supporting any claim for damages as a result of the statutory and common law unfair competition alleged in their complaint.

### CONCLUSIONS OF LAW

The Court has subject matter jurisdiction over plaintiffs' causes of action for patent infringement and statutory unfair competition under 28 U.S.C. § 1338(a). The common law unfair competition claim is founded upon 28 U.S.C. § 1338(b). The subject matter jurisdiction for defendants' counterclaims is ancillary to plaintiffs' claims, and subject matter jurisdiction for defendants' antitrust counterclaim is founded upon 28 U.S.C. § 1337(a).

■ Although patents are entitled to a presumption of validity, 35 U.S.C. § 282, this presumption is not conclusive and a

party charged with infringement may rebut the presumption. *Cornwall v. U.S. Construction Manufacturing, Inc.*, 800 F.2d 250 (Fed.Cir.1986). Patent invalidity is a complete defense to charges of patent infringement. *Cornwall v. U.S. Construction Manufacturing, Inc., supra;* 35 U.S.C. § 282. The burden of overcoming the presumption of patent validity is more easily carried by a challenger if the prior art asserted by the challenger is more relevant to the patent claims than the prior art considered by the Patent Examiner. *E.W.P. Corp. v. Reliance Universal, Inc.*, 755 F.2d 898 (Fed.Cir.), *cert. denied*, 474 U.S. 843, 106 S.Ct. 131, 88 L.Ed.2d 108 (1985).

■ A patent is invalid if the invention claimed in the patent was in "public use" or "on sale" in the United States more than one year prior to the date of the application for patent. 35 U.S.C. § 102(b). An invention is "on sale" within the meaning of the patent laws if either: (1) an actual sale has been made or (2) an offer to sell has been made, even if the offer has not resulted in a consummated sale. *J.A. LaPorte Inc. v. Norfolk Dredging Company*, 787 F.2d 1577 (Fed.Cir.), *cert. denied*, 479 U.S. 884, 107 S.Ct. 274, 93 L.Ed.2d 250 (1986); *In re Caveny*, 761 F.2d 671 (Fed.Cir.1985); *U.M.C. Electronics v. United States*, 816 F.2d 647 (Fed.Cir.), *cert. denied*, 484 U.S. 1025, 108 S.Ct. 748, 98 L.Ed.2d 761 (1987). A "public use" of an invention includes any use of an invention by a person, other than the inventor, who was under no limitation, restriction or obligation of secrecy to the inventor. *In re Smith*, 714 F.2d 1127 (Fed. Cir.1983). Similarly, a single sale or offer to sell an invention by either the patentee or a third party more than one year prior to the filing date of a patent application will invalidate a subsequently issued patent. *J.A. LaPorte, supra; In re Caveny, supra.* The "on sale" and "public use" statutory bars to patentability may be triggered by either the patentee himself or any third party. *Electric Storage Battery Co. v. Shimadzu*, 307 U.S. 5, 59 S.Ct. 675, 83 L.Ed. 1071 (1939); Pennwalt Corp. v. Akzona Inc., 740 F.2d 1573 (Fed.Cir.1984); *J.A. LaPorte, supra.* The "public use" or "on sale" activities of a third party constitute bars to patentability with or without the knowledge or consent of the patent applicant. *Electric Storage Battery Co., supra.*

■ Even if the prior art is not identical to the invention claimed in a patent, the patent is nonetheless invalid if the claimed invention is obvious under 35 U.S.C. § 103. Obviousness under § 103 is a conclusion of law, based upon factual findings including (1) the scope and content of the prior art at the time the invention was made, (2) differences between the prior art and the claims at issue, and (3) the level of ordinary skill in the art. *Graham v. John Deere Company*, 383 U.S. 1, 86 S.Ct. 684, 15 L.Ed.2d 545 (1966). Where both the subject matter of the patent and the prior art are easily discernible by the trier of fact, and where the subject matter of the patent and the prior art is readily understandable, a factual determination concerning the level of skill in the art is unnecessary in support of a legal conclusion of obviousness. *Chore-Time Equipment v. Cumberland Corp.*, 713 F.2d 774 (Fed.Cir.1983); *Petersen Manufacturing Company v. Central Purchasing, Inc.*, 740 F.2d 1541 (Fed.Cir.1984).

■ In the instant action, the sales by Barbara Moore in the United States in 1984, and the sales by plaintiffs of their earlier design (not the sale of the claimed invention) in the United States at least as early as May, 1985, are prior art to the design patent in suit under 35 U.S.C. §§ 102(b) and 103 because both of these designs were "on sale" in the United States more than one year prior to the filing date of plaintiffs' design patent application. The "on sale" activities of both Barbara Moore and plaintiffs (with respect to their earlier design) are more relevant to the design claimed in the patent in suit than any prior art considered by the Patent Examiner during the course of the prosecution of plaintiffs' design patent application. These two prior art designs include a combination of a bow and a circular balloon mounted on a base (as does plaintiffs' patented design), while one of the prior art

designs considered by the Patent Examiner shows this combination and arrangement of elements.

The Court concludes that plaintiffs' design patent is anticipated under 35 U.S.C. § 102(b) by the prior art design sold, offered for sale, and publicly used in the United States by Barbara Moore more than one year prior to the filing date of plaintiffs' design patent application. The design of Ms. Moore includes all elements of the design claimed in plaintiffs' United States Design Patent No. 290,823, as arranged in the claim. *Orthokinetics, Inc. v. Safety Travel Chairs, Inc.,* 806 F.2d 1565 (Fed.Cir. 1986).

The Court concludes that the design claimed in plaintiffs' design patent is obvious under § 103. The scope and content of the prior art at the time the invention was made is represented by the designs of both Barbara Moore and plaintiffs' own earlier design. The relevant prior art to which the invention pertains is ornamental centerpiece designs. The centerpiece design claimed in plaintiffs' design patent, and the centerpiece designs of Barbara Moore and plaintiffs' own earlier prior art design, each include a combination of a ribbon and a circular balloon arranged in the same manner on the top surface of a supporting base. Any differences between the design claimed in the patent and either of the aforementioned prior art designs would clearly be obvious and apparent to a designer of ornamental centerpieces having ordinary skill in the art at the time plaintiffs' invention was made.

■ The Court concludes that plaintiffs have engaged in inequitable conduct in the procurement of United States Design Patent No. 290,823 by failing to disclose to the Patent Examiner, with an intent to mislead the Patent Examiner, relevant prior art known to them, namely the sale in the United States more than one year prior to the filing date of the patent application for plaintiffs' own prior design, prior art which is significantly more relevant to plaintiffs' design patent than any prior art considered by the Patent Examiner. *Mathis v. Spears,* 857 F.2d 749 (Fed.Cir.1988); *Hew-*

*lett–Packard Company v. Bausch and Lomb, Inc.,* 882 F.2d 1556 (Fed.Cir.1989); *Hughes v. Novi American, Inc.,* 724 F.2d 122 (Fed.Cir.1984). Plaintiffs' failure to come forward with any evidence of good faith, and the high degree of the relevancy of the prior art withheld, in addition to the other conduct of plaintiffs discussed herein, leads to the inescapable inference that plaintiffs acted inequitably with an intent to mislead. Upon consideration of both the materiality of the prior art withheld and the intent of plaintiffs, the Court concludes that inequitable conduct has been established by clear and convincing evidence. *Under Sea Industries, Inc. v. Dacor Corp.,* 833 F.2d 1551 (Fed.Cir.1987).

The Court further concludes that plaintiffs have engaged in inequitable conduct during the procurement of United States Design Patent No. 290,823 by having affirmatively misrepresented the state of the prior art by failing to disclose the most relevant known prior art while disclosing clearly less relevant prior art. *Mathis v. Spears, supra.* The plaintiffs have further engaged in inequitable conduct with respect to the design patent by sending to defendants and defendants' customers false and misleading cease and desist letters and threats of patent infringement, as well as by the manner in which plaintiffs have conducted this litigation, and by their conduct at trial. *Hughes v. Novi American, Inc.,* 724 F.2d 122 (Fed.Cir.1984); *Standard Oil Company v. American Cyanamid Company,* 774 F.2d 448 (Fed.Cir.1985). The practice of inequitable conduct with an intent to mislead renders the patent unenforceable. *Hewlett–Packard v. Bausch & Lomb, supra.*

■ The Court concludes that the inequitable conduct of the plaintiffs in the procurement of the design patent in suit, the attempted enforcement of alleged patent rights with the knowledge that plaintiffs had no patent rights at that time, and the course of conduct exhibited by plaintiffs during the prosecution and trial of this action, renders this case exceptional under 35 U.S.C. § 285, entitling the defendants to an award of their reasonable attorney fees.

*Mathis v. Spears, supra* (misconduct during litigation, failure to disclose relevant prior art to Patent Examiner, misrepresentation of prior art to Patent Examiner); *AB Chance Co. v. R.T.E. Corp.*, 854 F.2d 1307 (Fed.Cir.1988); *Hughes v. Novi American, Inc., supra* (failure to disclose prior art sales and public use activities, falsely advertising product as patented); *Standard Oil Company v. American Cyanamid Company, supra* (misconduct during litigation, vexatious or unjustified litigation or frivolous suit). The Court further concludes that defendants are entitled to an award of both pre-judgment and post-judgment interest on the award of attorney fees where, in a case such as the present one, the design patent on which the suit was based was acquired through inequitable conduct and the litigation was conducted in bad faith from beginning to end. *Mathis v. Spears*, 857 F.2d 749 (Fed.Cir.1988).

■ The Court concludes that plaintiffs have engaged in unfair competition based upon the false and misleading threats of patent infringement sent to defendants' customers prior to the time that plaintiffs had acquired any enforceable rights. The false cease and desist letters were knowingly sent in bad faith with the intent to injure defendants' business, and resulted in the loss of at least one of the defendants' distributors, who testified at trial that he dropped defendants' product as a direct result of receipt of plaintiffs' letter.

Notwithstanding the above, defendants' claims for damages are denied on the grounds that defendants have not proven damages at trial. Although defendants presented evidence at trial showing a sharp decline in sales, and further provided testimony by a former distributor who dropped defendants' product as a direct result of plaintiffs' letter, the Court concludes that defendants' damages are too speculative in nature, and consequently, denies an award of any compensatory damages to the defendants.

■ The Court concludes that plaintiffs have failed to meet their burden of proof in establishing their claims that defendants are liable for statutory unfair competition

under 15 U.S.C. § 1125(a), and common law unfair competition based upon copying of plaintiffs' product configuration. A party alleging unfair competition based upon product simulation has the burden of proving that the trade dress or product configuration is, in itself, recognized by the purchasing public as an indication that the product originates from only a single source. *20th Century Wear, Inc. v. Sanmark–Stardust, Inc.*, 815 F.2d 8 (2d Cir. 1987); *First Brands Corp. v. Fred Meyer, Inc.*, 809 F.2d 1378 (9th Cir.1987); 1 J. McCarthy, *Trademarks and Unfair Competition* (2d Ed.1984) § 7:23 at p. 227. Additionally, a party claiming unfair competition based upon trade dress or product configuration also bears the burden of proving there is a likelihood of confusion between the two product configurations. 2 J. McCarthy, *Trademarks and Unfair Competition* (2d Ed.1984) § 23:1 at p. 42; 15 U.S.C. §§ 1114(1)(a) and 1125(a).

Plaintiffs have presented no evidence at trial establishing that their product configuration has been recognized by the consuming public as an indication of the source of only plaintiffs' products. Plaintiffs have also failed to establish likelihood of confusion in that the evidence at trial established that the products of the parties are clearly labelled to identify the correct source of origin, and plaintiffs have failed to present evidence of any actual confusion between the source of the respective products. Lack of actual confusion is evidence that there is no likelihood of confusion. *Affiliated Hospital Products, Inc. v. Merdel Game Manufacturing Co.*, 513 F.2d 1183 (2d Cir.1975); *Lever Brothers Co. v. American Bakeries Co.*, 693 F.2d 251 (2d Cir. 1982). Moreover, plaintiffs have failed to present any evidence at trial establishing any damages resulting from the acts of statutory and common law unfair competition alleged against defendants.

It is hereby Ordered, Adjudged and Decreed as follows:

1. All causes of action asserted by plaintiffs in their Amended Complaint are hereby dismissed with prejudice;

2. United States Design Patent No. 290,823 is declared to be invalid as being obvious over and anticipated by the prior art, and is also declared to be unenforceable as a result of inequitable conduct practiced by the plaintiffs in the procurement and attempted enforcement of the patent, and furthermore because the claimed patent was in "public use" and "on sale" in the United States more than one year prior to the filing of the patent;

3. Defendants' claims for damages are dismissed with prejudice;

4. The Court deems this to be an exceptional case pursuant to 35 U.S.C. § 285 and awards to defendants its reasonable attorney fees in connection with this action, together with both pre-judgment and post-judgment interest on the attorney fees award. Defendants are directed to submit all documentation in support of the quantum of attorney fees requested within thirty (30) days from the date of this order;

(5) Defendants are awarded their costs and disbursements of the suit herein, which shall be taxed in accordance with law by the Clerk of the Court upon submission of a Bill of Costs by defendants within thirty (30) days from the date of this Order.

SO ORDERED.