**SCOSCHE INDUSTRIES, INC.,**
Plaintiff–Appellant,

v.

**VISOR GEAR INCORPORATED,**
Defendant–Appellee.

No. 97–1003.

United States Court of Appeals,
Federal Circuit.

Aug. 11, 1997.

Kamran Fattahi, Kelly, Bauersfeld & Lowry, Woodland Hills, CA, argued for plaintiff-appellant. With him on the brief was John D. Bauersfeld.

James J.S. Holmes, Sedgwick, Detert, Moran & Arnold, Los Angeles, CA, argued for defendant-appellee. With him on the brief was Carolyn M. Mason.

Before NEWMAN, CLEVENGER, and BRYSON, Circuit Judges.

BRYSON, Circuit Judge.

This case began when appellant Scosche Industries, Inc., filed an action in the United States District Court for the Central District of California seeking a declaratory judgment that a design patent owned by appellee Visor Gear, Inc., is invalid and that Scosche's products do not infringe Visor Gear's patent. Scosche also sought damages for acts of alleged unfair competition by Visor Gear. After Visor Gear filed a counterclaim alleging patent infringement, Scosche made an offer of judgment with respect to the infringement allegations in the counterclaim. Visor Gear accepted Scosche's offer of judgment and the district court entered the agreed-upon judgment, thus terminating the infringement portion of the case. The district court subsequently granted Visor Gear's motion for summary judgment on the remaining issues. The court held that Scosche's invalidity claim was barred by the offer of judgment and that the unfair competition claim was without merit because Visor Gear had acted lawfully in protecting its patent rights. We vacate the summary judgment order with respect to the invalidity claim but affirm it with respect to the unfair competition claim and remand the case to the district court.

I

Scosche and Visor Gear manufacture compact disc holders that are designed to attach to the sun visor of a vehicle so that the driver or passenger can store and gain access to compact discs while traveling. In September 1995, Visor Gear obtained U.S. Pat. Des. No. 362,159 (the '159 patent) on a design for a compact disc holder. Shortly after the '159 patent issued, Scosche filed a declaratory judgment action claiming (1) that the patent was invalid, and (2) that Visor Gear had engaged in unfair competition by threatening Scosche's customers, sales representatives, and distributors with patent infringement litigation and by making false and injurious statements about Scosche. Visor Gear counterclaimed, charging Scosche with infringement of the '159 patent.

After approximately five months of discovery, Scosche made an offer of judgment under Fed.R.Civ.P. 68. The offer of judgment stated:

> To allow a judgement to be taken against [Scosche] for the amount of five hundred dollars ($500.00) in full and complete satisfaction of each and all claims for relief asserted in the Counterclaim set forth in paragraphs 37 through 47 of the

pleading entitled "ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS OF DEFENDANT VISOR GEAR, INCORPORATED TO COMPLAINT AND DEMAND FOR JURY TRIAL" on file herein.

Visor Gear accepted the offer of judgment on April 22, 1996. It then requested that the court enter a judgment finding that Scosche had engaged in willful infringement, directing the payment of $500 in damages, and issuing a permanent injunction prohibiting Scosche from making, selling, or distributing a number of identified Scosche products, or otherwise infringing the '159 patent. Visor Gear argued that by offering judgment on the infringement counterclaim, Scosche had admitted liability, had abandoned any available defenses, and had admitted the allegations in the paragraphs of the counterclaim referred to in the offer of judgment. Accordingly, Visor Gear argued, Scosche had effectively admitted not only that it had infringed the '159 patent, but also that its infringement was willful and that the patent was not invalid. Scosche opposed Visor Gear's request for an expanded judgment. It argued that under Fed.R.Civ.P. 68 the court was limited to entering the judgment on which the parties had agreed and could not add the injunctive provision that Visor Gear had requested.

The court entered the Rule 68 judgment as agreed upon by the parties, and without adding the provisions requested by Visor Gear. The court's judgment provided as follows:

1. In full and complete satisfaction of each and all claims for relief asserted in Visor Gear's Counterclaim set forth in paragraphs 34–47 of the pleading entitled "ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS OF DEFENDANT VISOR GEAR, INCORPORATED TO COMPLAINT AND DEMAND FOR JURY TRIAL" on file herein, Visor Gear shall recover of Scosche the sum of five hundred dollars ($500.00).

2. Each party shall bear its own attorney's fees.

3. This Court shall retain jurisdiction over this matter for purposes of enforcing this judgment.

Several weeks later, Visor Gear moved for summary judgment on Scosche's claims of unfair competition and patent invalidity. As to invalidity, Visor Gear again argued that the offer of judgment resolved that issue because it constituted an admission by Scosche that it was liable for infringing the '159 patent and thus in effect acknowledged the validity of the patent. As to the unfair competition claim, Visor Gear argued that Scosche's evidence was in large part inadmissible and that Scosche had failed to raise a genuine issue of material fact as to the lawfulness of Visor Gear's conduct toward Scosche's customers, distributors, and sales representatives. Scosche responded that the Rule 68 judgment was expressly limited to resolving the infringement counterclaim and did not dispose of the claims in the complaint, including the request for a declaratory judgment of patent invalidity. With respect to the unfair competition claim, Scosche argued that the evidence it presented in opposition to the summary judgment motion was sufficient to raise a triable issue of fact as to Visor Gear's conduct both before and after the '159 patent issued.

The district court granted Visor Gear's motion for summary judgment on all the remaining issues in the case. As to the issue of patent invalidity, the court concluded that "Scosche's offer of judgment on the counterclaim and Visor Gear's acceptance thereof, resolved the issue of both patent infringement and patent validity. Patent validity was raised in both the counterclaim and the counter-defendant's affirmative defenses, if any, and entry of judgment in Visor Gear's favor conclusively resolves those issues." As to the unfair competition allegations, the court concluded that Scosche's claim must fail because, "in light of the validity of Visor Gear's patent, Visor Gear's efforts to protect its patent rights cannot constitute unfair competition."

II

█ The invalidity issue requires us to decide what scope should be accorded to the

Rule 68 judgment that was entered in this case. Scosche argues that the Rule 68 judgment resolved only Visor Gear's counterclaim for infringement and did not affect the claims of patent invalidity and unfair competition in Scosche's complaint. Visor Gear agrees with the district court that Scosche's offer of judgment constituted an admission of liability for infringement, and that the Rule 68 judgment therefore erected a bar to Scosche's claim that the '159 patent is invalid. We agree with Scosche that the Rule 68 judgment did not have the effect of resolving the issue of invalidity in Visor Gear's favor.

Visor Gear presents this issue as one of claim preclusion, but the principles of claim preclusion have nothing to do with this case. The question here is not whether a final judgment in one case should be given preclusive effect in a later case, which is the situation to which the principles of claim preclusion apply. See Nevada v. United States, 463 U.S. 110, 129, 103 S.Ct. 2906, 2917–18, 77 L.Ed.2d 509 (1983); Parklane Hosiery Co. v. Shore, 439 U.S. 322, 326 n. 5, 99 S.Ct. 645, 649 n. 5, 58 L.Ed.2d 552 (1979); Cromwell v. County of Sac, 94 U.S. 351, 352–53, 24 L.Ed. 195 (1876); Restatement (Second) of Judgments §§ 24–25 (1982). Instead, the two counts of the complaint and the one counterclaim are all part of the same case, and the question we are required to decide is what scope should be given to the Rule 68 judgment that terminated the counterclaim portion of the case, a question as to which the doctrine of claim preclusion is irrelevant. See Goodheart Clothing Co. v. Laura Goodman Enters., Inc., 962 F.2d 268, 274 (2d Cir.1992) (claim preclusion inapplicable to disposition in the same case of an issue following a Rule 68 judgment; proper inquiry is scope of Rule 68 judgment).

Because a Rule 68 judgment is the product of an agreement between the parties, the parties define the scope of the judgment. See Fed.R.Civ.P. 68 (judgment under Rule 68 will be given "the effect specified in the [accepted] offer"). Thus, through a Rule 68 judgment the parties to a patent dispute could explicitly agree to resolve the issue of past infringement by the payment of money, but to leave open the broader issue of patent invalidity for resolution at a later stage of the same case or in a subsequent lawsuit. See Epic Metals Corp. v. H.H. Robertson Co., 870 F.2d 1574, 1576–77, 10 USPQ2d 1296, 1299 (Fed.Cir.1989) ("a party may expressly reserve in a consent judgment the right to relitigate some or all issues that would have otherwise been barred between the same parties"); Mallory v. Eyrich, 922 F.2d 1273, 1277 (6th Cir.1991) (Rule 68 judgment can be used to resolve some, but not all, claims in a case). The question in this case is whether the Rule 68 judgment agreed upon by Visor Gear and Scosche should be given that effect.

Like consent decrees, Rule 68 judgments are interpreted according to general principles of contract law. See Goodheart Clothing Co. v. Laura Goodman Enters., Inc., 962 F.2d at 272; Mallory v. Eyrich, 922 F.2d at 1279–80; Radecki v. Amoco Oil Co., 858 F.2d 397, 400 (8th Cir.1988); 13 James Wm. Moore, Moore's Federal Practice §§ 68.04[6], 68.05[3] (3d ed.1997). As this court has stated, the scope of a consent decree or judgment "is limited to its terms and ... should not be strained." Foster v. Hallco Mfg. Co., 947 F.2d 469, 481, 20 USPQ2d 1241, 1250 (Fed.Cir.1991). Because the parties to such an agreed-upon judgment have waived their right to litigate the issues covered by the judgment, "the instrument must be construed as it is written, and not as it might have been written had the plaintiff established his factual claims and legal theories in litigation." United States v. Armour & Co., 402 U.S. 673, 682, 91 S.Ct. 1752, 1757, 29 L.Ed.2d 256 (1971).

In light of those principles, the Rule 68 judgment in this case must be limited to its terms, which are to "satisf[y] ... each and all claims for relief asserted in the Counterclaim set forth in paragraphs 37 through 47" of Visor Gear's answer and counterclaim by the payment of $500. Those paragraphs of the answer and counterclaim assert that Scosche has infringed the '159 patent. The effect of the consent judgment is therefore to satisfy Visor Gear's claim of infringement with respect to all allegedly infringing Scosche products up to the date of the judgment.

Although the Rule 68 judgment disposed of the infringement counterclaim, it did not address the question of the validity of the '159 patent, which is one of the subjects of Scosche's complaint. In fact, because only a defendant may make an offer of settlement under Rule 68, Scosche could not have made an offer with respect to the invalidity and unfair competition allegations in its complaint. Thus, because the offer of settlement was limited, both by its express terms and by operation of the rule, to the counterclaim for infringement, we decline Visor Gear's invitation to construe the Rule 68 judgment to reach the separate causes of action set forth in the complaint.

In ascertaining the scope that should be accorded to the Rule 68 judgment in this case, it is instructive to ask what issues would be barred from relitigation in a subsequent action under the principles of issue preclusion. The doctrine of issue preclusion, or collateral estoppel, addresses the question whether a prior judgment bars relitigation of a particular issue in a subsequent suit based on a different cause of action. *Montana v. United States*, 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979); *Commissioner v. Sunnen*, 333 U.S. 591, 597–98, 68 S.Ct. 715, 719–20, 92 L.Ed. 898 (1948). Because the question in this case is whether the Rule 68 judgment altogether forecloses Scosche from litigating the question of invalidity, the doctrine of issue preclusion is closely related to the question in this case. If the Rule 68 judgment in this case would not impose a general bar to Scosche's raising the invalidity issue in any subsequent case, it would make little sense to say that the Rule 68 judgment prohibits Scosche from raising the invalidity issue in this case.

In *Foster v. Hallco Mfg. Co.*, 947 F.2d 469, 20 USPQ2d 1241 (Fed.Cir.1991), this court addressed the scope of issue preclusion that arises from a consent judgment. In that setting, the court held, a consent judgment should be "narrowly construed," and an intention to give rise to issue preclusion "should not readily be inferred." 947 F.2d at 481, 20 USPQ2d at 1250 (quoting *Restatement (Second) of Judgments* § 27 reporter's notes on cmt. (e) at 269 (1982)). The same principle should apply in determining whether a Rule 68 judgment should be construed to foreclose further litigation in the same case of issues not specifically addressed by the judgment. Construing the Rule 68 judgment in this case narrowly, and in light of the fact that it is explicitly limited to resolving the claims of infringement raised in Visor Gear's counterclaim, we hold that the judgment did not have the effect of terminating Scosche's claim of patent invalidity. The district court therefore erred in granting summary judgment to Visor Gear on the ground that the Rule 68 judgment disposed of Scosche's contention that the '159 patent was invalid.

### III

As to the unfair competition claim, we take a different view. With respect to that part of Scosche's complaint, we conclude that the district court correctly granted summary judgment because Scosche did not offer sufficient evidence, in admissible form, to create a genuine issue of material fact under the California law of unfair competition. *See* Fed. R.Civ.P. 56(c), (e).

In its response to Visor Gear's motion for summary judgment, Scosche argued that Visor Gear had engaged in three discrete acts of unfair competition: engaging in improper communications with Tandy Corporation, a Scosche customer, prior to the issuance of the '159 patent; initiating improper contacts with Scosche customers and distributors after the issuance of the patent; and making false statements to a representative of Best Buy, another Scosche customer, in 1996. The evidence that Scosche offered with respect to each of those acts, however, was insufficient to avoid summary judgment.

### A

■ The letter that Visor Gear's attorneys sent to Tandy Corporation in February 1995, before the '159 patent issued, stated that Visor Gear was responding to a concern expressed by Tandy that Scosche's compact disc holder is "virtually identical" to Visor Gear's and that "Scosche may have patent rights in their product." The letter explained that after filing its patent application,

Visor Gear had sold one of its compact disc holders to Scosche and that shortly thereafter Scosche began marketing its own compact disc holder. The letter further stated: "We believe that the product sold by Scosche falls within the scope of the pending application and that their sale of the visor CD storage device will infringe the Visor Gear patent when it issues." In order to facilitate the sale of the Visor Gear product, Visor Gear then offered to indemnify Tandy against any claims from Scosche regarding the Visor Gear product. Visor Gear noted that the Uniform Commercial Code provides that "a seller who is a merchant regularly dealing in goods of the kind warrants that the goods shall be delivered free of rightful claim of any third person by way of infringement or the like," and it then offered "an explicit warranty against a claim of infringement by Scosche."

Scosche's evidence with respect to Visor Gear's contact with Tandy is insufficient to raise a triable issue of unfair competition under applicable law. The letter accurately set forth the status of Visor Gear's patent application and expressed Visor Gear's belief that the Scosche product would infringe the patent once the patent issued. Scosche offered no evidence from which a factfinder could conclude that Visor Gear's representation was made in bad faith, and Scosche points to no authority holding that it is unfair competition for a patent applicant to advise a prospective customer of the status of his pending patent application and of the applicant's belief that competing goods will infringe the patent if and when it issues.

The only authorities that Scosche invokes in support of its argument with respect to the Tandy letter are *Gardiner v. Gendel,* 727 F.Supp. 799, 14 USPQ2d 2043 (E.D.N.Y. 1989), and *Mixing Equipment Co. v. Innova-Tech, Inc.,* 228 USPQ 221 (E.D.Pa.1985). Neither case supports Scosche's legal contention that it is actionable for a party to advise others that it has a patent application pending and that it believes that another party's products will infringe the patent if and when the patent issues.

In *Gardiner,* the counterclaim defendants did not simply advise their competitor's customers of the pendency of their patent application, but told the customers that they were then infringing the defendants' "patent rights." In addition, the defendants stated that they "have and continue to vigorously enforce their patent rights," and they threatened suit unless the customers provided assurances that they would immediately cease manufacturing, using, or selling the allegedly infringing products. *See* 727 F.Supp. at 801, 14 USPQ2d at 2046. Unlike the communication at issue in *Gardiner,* nothing in Visor Gear's letter to Tandy stated or even suggested that Visor Gear had present patent rights that it intended to enforce against Tandy or anyone else. The letter made clear that any patent rights would accrue only after issuance of the patent; there was thus nothing false or misleading about the communication.

The *Mixing Equipment* case is distinguishable on similar grounds. In that case, the district court denied a motion to dismiss an unfair competition claim on the pleadings. In so doing, the court noted that an announcement that a device is covered by an unissued patent can constitute unfair competition. *See* 228 USPQ at 221–22. Nothing in the *Mixing Equipment* case, however, suggests that it is unfair competition for a patent applicant to state that the patent is likely to cover particular products if and when the patent issues.

Moreover, there is nothing wrong with Visor Gear's offering indemnification against a claim of infringement by Scosche and providing an express warranty against a claim of infringement by Scosche. In that context, contrary to Scosche's contention, we find nothing insidious or otherwise improper in Visor Gear's reference to the implied warranty that goods sold by a merchant regularly dealing in those goods are delivered free of any rightful claim of any third person by way of infringement.

█ In a declaration submitted in opposition to the summary judgment motion, Scosche's president Roger Alves stated that a Tandy representative had told him that Tandy had decided not to purchase Scosche's compact disc holders because "Visor Gear was harassing Tandy Corpora-

tion with accusations of a pending patent problem because the Scosche product was an infringement." Alves' report of the statement by the Tandy representative is hearsay; it therefore does not satisfy the requirement of Fed.R.Civ.P. 56(e) that affidavits opposing summary judgment "shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." *See Miller v. Solem,* 728 F.2d 1020, 1026 (8th Cir.1984) (affidavits containing hearsay statements failed to comply with Rule 56(e) requirement "that the facts set forth in affidavits be admissible in evidence"); *Pan–Islamic Trade Corp. v. Exxon Corp.,* 632 F.2d 539, 556 (5th Cir.1980) ("hearsay evidence in [Rule 56] affidavits is entitled to no weight"); *Blair Foods, Inc. v. Ranchers Cotton Oil,* 610 F.2d 665, 667 (9th Cir. 1980) (hearsay evidence "is inadmissible and may not be considered by this court on review of a summary judgment"); *State Mut. Life Assurance Co. of Am. v. Deer Creek Park,* 612 F.2d 259, 264–65 (6th Cir. 1979) ("Affidavits composed of hearsay and opinion evidence do not satisfy Rule 56(e) and must be disregarded."); *Rossi v. Trans World Airlines, Inc.,* 507 F.2d 404, 406 (9th Cir.1974) (same). In any event, the mere characterization of Visor Gear's contact with Tandy as "harassing" would not be sufficient, even if unrebutted, to support a judgment in favor of Scosche on its unfair competition claim. Alves' declaration is therefore insufficient to enable Scosche, which would bear the burden of proof at trial, to overcome Visor Gear's summary judgment motion. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986) (Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial").

### B

■ Following the issuance of the '159 patent, Visor Gear contacted several Scosche distributors by letter and advised them of Visor Gear's belief that Scosche's compact disc holders infringed the patent. A follow-up letter was sent to distributors who did not respond to the first letter. The follow-up letter demanded that the distributors cease all sales of the infringing Scosche product and advised that Visor Gear regarded the continued sale of infringing products to be willful infringement.

■ There is nothing improper about a patentee's attempting to enforce its rights under the patent by advising potential infringers of its good faith belief that a particular product infringes. *See Mallinckrodt, Inc. v. Medipart, Inc.,* 976 F.2d 700, 709, 24 USPQ2d 1173, 1180 (Fed.Cir.1992) (a patentee "that has a good faith belief that its patents are being infringed violates no protected right when it so notifies infringers"); *Concrete Unlimited, Inc. v. Cementcraft, Inc.,* 776 F.2d 1537, 1539, 227 USPQ 784, 785 (Fed.Cir.1985) (patentee "did only what any patent owner has the right to do to enforce its patent, and that includes threatening alleged infringers with suit"); *Kaplan v. Hel-enhart Novelty Corp.,* 182 F.2d 311, 314, 85 USPQ 285, 287 (2d Cir.1950) ("it is not an actionable wrong for one in good faith to make plain to whomsoever he will that it is his purpose to insist upon what he believes to be his legal rights, even though he may misconceive what those legal rights are"). Scosche has offered no evidence to suggest that Visor Gear was acting in bad faith when it expressed the belief that Scosche's products infringed the '159 patent. Summary judgment was therefore proper on that aspect of Scosche's unfair competition claim as well.

### C

Finally, Scosche argues that Visor Gear engaged in unfair competition by making false statements to a representative of Best Buy, one of Scosche's customers. In his declaration, Alves reported that a Best Buy representative had told him that Visor Gear's president had stated "that Visor Gear had won a lawsuit against Scosche and that Scosche would no longer be allowed to make their VIA–VISOR product." Alves reported

that the Best Buy representative had told him that Visor Gear's president had subsequently sent copies of papers from the Scosche–Visor Gear lawsuit to Best Buy and had said that "based on the court papers, Scosche could no longer make or sell its CD holder product, and that Best Buy should instead carry Visor Gear's product."

Visor Gear objected to that evidence as hearsay, which it clearly is. "To be acceptable at summary judgment stage, the evidence presented in the affidavit must be evidence that would be admissible if presented at trial through the testimony of the affiant as a sworn witness." 11 James Wm. Moore, *Moore's Federal Practice* § 56.14[1][d], at 56–162 (3d ed.1997). Because the statements attributed to the Best Buy representative would not have been admissible if presented at trial through Alves' testimony, Rule 56(e) prohibited the court from taking that evidence into account in ruling on Visor Gear's summary judgment motion.

Apart from the statements attributed to the Best Buy representative and reported in Alves' declaration, Scosche offered no evidence on which a judgment of unfair competition could be entered in its favor based on Visor Gear's contacts with Best Buy. Summary judgment was therefore properly granted with respect to those allegations.

## IV

■ Scosche's final contention is that the district court acted precipitously in granting Visor Gear's motion for summary judgment, and that pursuant to Fed.R.Civ.P. 56(f) the court should have postponed ruling on the summary judgment motion until Scosche completed its discovery in the case. Scosche's Rule 56(f) argument is largely directed to the discovery it sought to obtain on the issue of patent invalidity. Because we have vacated the summary judgment on that issue, that aspect of Scosche's argument is moot.

In the portion of Scosche's Rule 56(f) argument addressed to the unfair competition claim, Scosche contended that it did not have an opportunity to depose the president of

Visor Gear, Michael Todd Singh. Scosche argued that it hoped to obtain damaging admissions from Singh during the course of his deposition.

■ Scosche did not notice Singh's deposition until more than five months after the complaint was filed. When Visor Gear advised Scosche's counsel that Singh was unavailable on the date noticed for the deposition, Scosche asked Visor Gear to propose other dates on which Singh could be made available. The record does not reflect that Visor Gear responded to that request. In any event, Scosche took no further steps over the next three months to obtain Singh's deposition, either by noticing his deposition for another date or moving to compel Singh's appearance. Under these circumstances, we decline to rule that the district court abused its discretion by deciding the summary judgment motion before Singh had been deposed. Rule 56 permits a summary judgment to be entered "after adequate time for discovery," *Celotex Corp. v. Catrett,* 477 U.S. at 322, 106 S.Ct. at 2552, and we decline to second-guess the district court's judgment that eight months, in the context of a simple case such as this one, is adequate time for discovery. A party cannot forestall summary judgment by arguing that it has not had an opportunity to complete its discovery when it has not pursued its discovery rights with vigor. *See California Union Ins. Co. v. American Diversified Sav. Bank,* 914 F.2d 1271, 1278 (9th Cir.1990); *Mackey v. Pioneer Nat'l Bank,* 867 F.2d 520, 523–24 (9th Cir.1989); *Burlington Coat Factory Warehouse Corp. v. Esprit De Corp.,* 769 F.2d 919, 925–26 (2d Cir.1985). The district court therefore did not err in proceeding to dispose of the summary judgment motion when it did.

Each party shall bear its own costs for this appeal.

It is not enough to say, as Visor Gear does, that invalidity is a defense to a charge of infringement, and that by offering judgment on the issue of infringement, Scosche abandoned its defense of invalidity. There is no doubt that Scosche has waived its right to raise the defense of invalidity in connection with the issue of past infringement, for which Scosche has agreed to a judgment of

$500. Moreover, if the Rule 68 judgment had terminated this case, Scosche would be barred by claim preclusion principles from raising the defense of invalidity in any infringement action based on the same products that were at issue in this action, since the issue of validity was not expressly reserved in the Rule 68 judgment. *See Epic Metals Corp. v. H.H. Robertson Co.*, 870 F.2d at 1577, 10 USPQ2d at 1299. But that does not mean that by offering judgment on the issue of infringement Scosche has necessarily forfeited the right to raise the issue of the invalidity of the '159 patent for all purposes, including further litigation of its declaratory judgment claim in this case.

*AFFIRMED–IN–PART, VACATED–IN–PART, and REMANDED.*