IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 6, 2007

Charles R. Fulbruge III
Clerk

No. 06-51069

SOUTHWEST INTELECOM INC

Plaintiff-Appellant

v.

COMPASS BANK; COMPASS BANCSHARES INC

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:04-CV-215-LY

Before JONES, Chief Judge, and STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Southwest Intelecom, Inc. ("SWI") sued Compass Bank and Compass Bancshares, Inc. ("Compass") for permitting one of SWI's two directors to open a corporate bank account without the written consent of the other. The district court granted summary judgment in Compass's favor and we affirm.

I. FACTS AND PROCEEDINGS

In 1994, John Collins and Jon Maniccia incorporated SWI, a business selling telephone services between the United States and Mexico. Collins and

---

[*] Pursuant to 5TH CIR. R. 47.5, this Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Maniccia each owned fifty percent of SWI's stock, and they were SWI's only directors. At all times relevant to this suit, Collins served as president and Maniccia served as secretary and treasurer.

Collins and Maniccia jointly opened a corporate bank account for SWI and another jointly owned business, J & J Enterprizes [sic], at Wells Fargo Bank in May 2000. In February 2001, Collins opened a corporate account for SWI at Compass without Maniccia's knowledge. Starting on February 15, 2001, Collins transferred a total of $2.3 million from SWI's Wells Fargo account into the Compass account. By March 5, 2001, all $2.3 million had been re-deposited into the Wells Fargo accounts of SWI and J & J Enterprizes.[1] The Compass account was never used after March 5, 2001. Maniccia did not find out about the Compass account until July 2002, after he purchased Collins's interest in SWI and became the sole shareholder.[2]

SWI brought this suit against Compass in March 2004, alleging that Compass violated portions of the Texas Business and Commercial Code when it allowed Collins to open the SWI corporate account without Maniccia's consent. The district court granted summary judgment in favor of Compass on the ground that Collins had actual authority to open the account. SWI timely appealed to this Court.

---

[1] The parties have different theories about why Collins transferred the funds to the Compass account. Compass argues that Collins opened the account to protect SWI's assets. Maniccia acknowleged in his deposition that another company was threatening to sue SWI in early 2001, and that one of the "big objectives" he and Collins shared at that time was to transfer money out of SWI in order to protect its assets in case of a lawsuit. The fact that half of the SWI money Collins transferred into the Compass account was later deposited into the J & J Enterprizes account corroborates this theory.

SWI's theory is not clearly stated in the pleadings, but Maniccia stated in his deposition that he believed Collins used the transferred money to pay Mexican subcontractors as part of a scheme to open a competing telecommunications business. This theory is undermined by the fact that all of the Compass funds were returned to jointly held accounts within nineteen days of their deposit. Because, however, this panel must construe factual questions in the light most favorable to the nonmovant, we assume that Collins acted with an improper motive.

[2] Maniccia and Collins signed a mutual release of claims in June 2002.

## II. STANDARDS OF REVIEW

This panel reviews the district court's summary judgment order de novo, using the same standards as the district court and viewing the facts in the light most favorable to the nonmoving party, SWI. Webb Carter Constr. Co. v. La. Cent. Bank, 922 F.2d 1197, 1199 (5th Cir. 1991). "Where the record, including affidavits, interrogatories, admissions, and depositions could not, as a whole, lead a rational trier-of-fact to find for the nonmoving party, there is no genuine issue for trial" and summary judgment is proper. Id. This Court is "not bound in [its] review of a grant of a motion for summary judgment to the grounds articulated by the district court, for [it] may affirm the judgment on other appropriate grounds." Coral Petroleum, Inc. v. Banque Paribas-London, 797 F.2d 1351, 1355 n.3 (5th Cir. 1986).

"Decisions concerning motions to amend are entrusted to the sound discretion of the district court." Jones v. Robinson Prop. Group, L.P., 427 F.3d 987, 994 (5th Cir. 2005) (internal quotations omitted). District court decisions regarding discovery, including quashing deposition subpoenas, are also reviewed for abuse of discretion. Theriot v. Parish of Jefferson, 185 F.3d 477, 491 (5th Cir. 1999).

## III. DISCUSSION

We hold that summary judgment is appropriate because SWI failed to show that it sustained any loss as a result of the opening of the Compass account. Bank records from Compass and Wells Fargo show that all of the money deposited in the Compass account was returned to two Wells Fargo accounts jointly controlled by SWI's sole shareholders, Collins and Maniccia, less than a month after the funds were withdrawn. Maniccia conceded in his deposition that Compass did not have any of SWI's money after March 5, 2001. Because Compass has shown that there is a lack of evidence to support SWI's allegations of loss, SWI must point to specific facts creating a genuine issue for trial.

Littlefield v. Forney Indep. Sch. Dist., 268 F.3d 275, 282 (5th Cir. 2001). SWI has failed to do so and we grant summary judgment to Compass on this ground.

SWI argues that it can demonstrate loss under First City National Bank of Midland v. Federal Deposit Insurance Corp., in which this Court noted that the defense of constructive receipt "not only requires that the rightful payee receive the proceeds of the converted check, but also, and this is critical, that the proceeds of the check be applied to the purpose intended by the drawer." 782 F.2d 1344, 1348 (5th Cir. 1986). We hold that First City is distinguishable because in that case it was undisputed that the embezzler withdrew funds from a joint account for his personal use. Id. at 1346. Here, bank records show that Collins transferred all the Compass money back into the jointly held Wells Fargo accounts. If any wrongdoing or loss occurred, it happened after the money was returned to the jointly controlled Wells Fargo accounts.[3] Summary judgment is, therefore, proper because SWI has failed to show a material issue of fact with regard to whether it sustained any loss or damage from the opening of the Compass account.

SWI also appeals the district court's orders denying SWI leave to amend its complaint and quashing SWI's out-of-time deposition of Collins. Finding no error, we affirm both orders.

The district court denied SWI's motion to amend its complaint to remove a defendant, add negligence and conversion claims, and give Compass more notice of the Texas Business and Commercial Code provisions under which it

---

[3] In addition, SWI has done nothing to document the fraudulent uses to which the transferred money was allegedly put after it was returned to the joint control of Collins and Maniccia. In his deposition, Maniccia alleged that Collins "used the money to pay Mexican agents that we already agreed not to pay" and that, if Compass had notified him about the transactions, "Intelecom would still have their money, the Mexican agents would have never got paid, and everything would have been cool." As discussed above, the Compass bank records show that the money in the Compass account was disbursed to the joint Wells Fargo accounts, not third parties. SWI has not introduced any competent evidence to substantiate Maniccia's allegations or call the bank records into question.

asserts its claims.[4] Under Rule 15 of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires." Id. Although there is a bias in favor of granting leave to amend, the trial court may, in its discretion, "consider such factors as 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment.'" Gregory v. Mitchell, 634 F.2d 199, 203 (5th Cir.1981) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)). When, as here, motions to amend are particularly late, the movant "must meet the burden of showing that the delay was due to oversight, inadvertence, or excusable neglect, a burden which properly shifts to the party seeking to amend where apparent lack of diligence exists." Id. (internal quotations omitted).

In denying SWI's motion to amend, the district court pointed out that it came "twenty-eight months after the original petition was filed, sixteen months after the extended deadline for amending pleadings expired, and three weeks after Compass Bank filed its summary-judgment motion." Because the delay in this case is so substantial, SWI bears the burden of pointing to a specific way in which the district court abused its discretion by denying SWI's motion for leave to amend. James v. McCaw Cellular Commc'ns, Inc., 988 F.2d 583, 587 (5th Cir. 1993) (finding no abuse of discretion in denying leave to amend where a party waited until fifteen months after the original complaint and three weeks after the opposing party moved for summary judgment to move for leave to amend). We affirm the district court's order denying leave to amend SWI's complaint.

SWI also appeals the district court's order quashing its deposition of Collins. Discovery decisions, including decisions to quash depositions, are left to the sound discretion of the district court. Theriot v. Parish of Jefferson, 185 F.3d

---

[4] The district court granted the motion in part to permit SWI to dismiss the superfluous defendant.

477, 491 (5th Cir. 1999). Other circuits have held that "[a] party cannot forestall summary judgment by arguing that it has not had an opportunity to complete its discovery when it has not pursued its discovery rights with vigor." Scosche Indus., Inc. v. Visor Gear Inc., 121 F.3d 675, 682 (Fed. Cir. 1997) (citing cases from the Second and Ninth Circuits). SWI was on notice, both from personal knowledge and from Compass's witness list, that Collins was a person of interest in this proceeding. Nevertheless, it failed to notice his deposition until almost forty days after discovery had closed. We hold that the district court did not abuse its discretion when it quashed Collins' deposition.

## IV. CONCLUSION

We AFFIRM the district court's grant of summary judgment to Compass because SWI failed to show that Compass's actions caused it any loss.