**METAL LITE, INC., Plaintiff,**

v.

**BRADY CONSTRUCTION INNOVATIONS, INC.,**
etc., **Defendant.**

**No. CV 06–5840 AHS (MLGx).**

United States District Court,
S.D. California.

Sept. 25, 2007.

Michael D. Adams, Ronald P. Oines, Rutan & Tucker, Costa Mesa CA, for Plaintiffs.

David Kogan, Joseph R. Trojan, Trojan Law Offices, Beverly Hills CA, for Defendants.

ORDER (1) DISMISSING AS MOOT METAL LITE'S EIGHTH, NINTH, AND TENTH CAUSES OF ACTION FOR DECLARATORY JUDGMENT; AND (2) GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

ALICEMARIE H. STOTLER, Chief Judge.

## I.

### PROCEDURAL HISTORY

On September 14, 2006, Plaintiff Metal Lite, Inc. ("Metal Lite") filed the Complaint in this action. On October 5, 2006, Defendant Brady Construction Innovations, Inc. ("Brady") filed a Motion to Dismiss Complaint. On November 13, 2006, Metal Lite filed opposition. On November 20, 2006, Brady filed a reply thereto.

Before a ruling was made on the above motion, Metal Lite filed a First Amended Complaint ("FAC") on January 10, 2007. On January 26, 2007, Brady filed a Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6), and, in the alternative, Motion for Summary Judgment ("Motion to Dismiss FAC"). On February 1, 2007, the Court denied as moot the first motion, Brady's Motion to Dismiss Complaint. On February 12, 2007, Metal Lite filed opposi-

tion to Brady's Motion to Dismiss FAC. On February 20, 2007, Brady filed a reply thereto. On June 6, 2007, the Court took Brady's Motion to Dismiss FAC under submission.

## II.

### SUMMARY OF FIRST AMENDED COMPLAINT

Metal Lite manufactures and sells slotted metal track used in the manufacture of interior walls ("slotted track"), and Brady sells or licenses others to sell a product that directly competes with Metal Lite's slotted track. (FAC ¶ 10.) Todd Brady ("Mr.Brady"), owner of Brady, is the inventor of U.S. Patent No. 5,127,760 ("'760 patent"), which discloses a slotted track assembly. (FAC ¶ 11.) In 1998, Sliptrack Systems, Inc. (now known as Brady) sued Metal Lite for infringement of the '760 patent. (*Id.*) The Court of Appeals for the Federal Circuit ("Federal Circuit") construed the claims of the '760 patent to cover only a pre-drilled hole embodiment. (*Id.*) As a result, on remand, the district court entered judgment in favor of Metal Lite, finding that neither Metal Lite nor Metal Lite's users or resellers infringed the '760 patent. (*Id.*)

In February 2005, Mr. Brady filed an application with the United States Patent and Trademark Office ("PTO") for a reissue patent. (FAC ¶ 12.) Neither Mr. Brady nor his patent attorney informed the PTO that, in construing the claims of the '760, the Federal Circuit held that Mr. Brady gave up during prosecution of the '760 patent the subject matter sought to be recaptured by the reissue patent. (*Id.*) Mr. Brady and his patent counsel also misrepresented to the PTO that the new claim in the reissue application is no broader than the original claims of the '760 patent, causing it to be invalid because the reissue application was filed

more than two years after issuance of the '760 patent. (FAC ¶ 13.) As a result, in July 2006, the PTO gave notice of allowance of the reissue patent. (FAC ¶ 14.)

Brady knows that the reissue patent is invalid but has nevertheless used it to attempt to destroy Metal Lite's business and impede any lawful competition with Brady's product. (*Id.*) Brady issued an "Industry Announcement" stating that "[f]rom this date forward, anyone who manufactures and sells any style of slotted track will infringe Brady's new patent regardless of how the slotted track is installed. The new patent is now in the process of being printed by the Patent Office and will issue in August 2006. Meanwhile, Brady's intellectual property rights are fully enforceable." (*Id.*) Brady and its patent attorney knew that they could not seek to enforce the reissue patent until it was formally issued by the PTO. (*Id.*) Brady sent letters to Metal Lite's customers informing them that Metal Lite's product would infringe the reissue patent when it issued and sent a cease and desist letter to Metal Lite. (FAC ¶ 15.)

Brady also continues to publish on its website a letter dated June 28, 2005, regarding status of the prior lawsuit. (FAC ¶ 17.) The letter contains false statements known by Brady to be false that Metal Lite has not been exonerated from all claims of infringement of the '760 patent. (*Id.*)

On January 9, 2007, the PTO issued Brady's reissue patent, U.S. Patent No. RE39,462 ("'462 patent"). Brady's statements regarding the reissue patent and infringement thereof are false and known by Brady to be false. (FAC ¶ 16.) As a result of Brady's conduct, Metal Lite has suffered a loss of business, profits, customers, goodwill, and damage to its reputation. (FAC ¶ 19.) Brady's conduct is in bad faith and constitutes misuse of the patent system. (FAC ¶ 20.)

Metal Lite alleges claims for false advertising (FAC ¶¶ 21–25), trade libel (FAC ¶¶ 26–32), intentional interference with prospective economic advantage ("IIPEA") (FAC ¶¶ 33–38), inducing breach of contract (FAC ¶¶ 39–44), common law unfair competition (FAC ¶¶ 45–48), statutory unfair competition (FAC ¶¶ 49–53), antitrust violations (FAC ¶¶ 54–65), and declaratory relief regarding invalidity, unenforceability, and noninfringement of the '462 patent (FAC ¶¶ 66–78).

## III.

### *SUMMARY OF PARTIES' CONTENTIONS*

#### A. Brady's Motion

On September 14, 2006, Metal Lite filed a Complaint alleging seven causes of action based upon alleged charges of infringement of the anticipated reissue patent. On January 9, 2007, the reissue patent issued and Brady filed a lawsuit against Metal Lite alleging infringement of the '462 patent. On January 10, 2007, Metal Lite improperly filed a First FAC alleging that the '462 patent issued and incorporating this fact into each of Metal Lite's causes of action. Metal Lite also added three new claims for declaratory relief concerning the '462 patent. Under Rule 15(d) of the Federal Rules of Civil Procedure, Metal Lite's FAC is actually a supplemental complaint, and Metal Lite is required to seek leave of court before filing it. Metal Lite's original Complaint was premature because the '462 patent had not yet issued. Accordingly, filing the FAC cannot be considered just. At the time Metal Lite filed its Complaint, there was no actual controversy. Metal Lite's claims in the FAC can only be brought as compulsory counterclaims in Brady's infringement lawsuit.

Metal Lite's claims for declaratory judgment of invalidity, unenforceability, and

noninfringement of the '462 patent should be dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. At the time Metal Lite filed its original Complaint, there was no actual controversy here to establish jurisdiction over Metal Lite's declaratory judgment claims because no patent had been issued. The FAC cannot cure the absence of declaratory judgment jurisdiction because later events cannot create jurisdiction where none existed at the time of filing.

Metal Lite's false advertising allegations fail to state a claim upon which relief can be granted. None of Brady's statements regarding the '462 reissue patent are false. Further, it is unreasonable to infer that Brady's notice to the public was sent in bad faith. Brady stated in the Industry Announcement that Metal Lite and its customers would infringe the claims of the '462 when it issues. To send such a statement to the public is legitimate notice, not false advertising. Metal Lite's contention that Brady's actions were in bad faith because Brady knew the '462 patent was invalid cannot be inferred from the facts. Brady's application to the PTO included all relevant material, and the PTO thoroughly examined the information and subsequently issued the '462 patent. A patent is presumed to be valid, and Brady therefore reasonably relied on the presumption of validity in issuing the Industry Notice. Similarly, Metal Lite's allegations of trade libel fail to state a claim upon which relief can be granted because it fails to allege that Brady made any false statements.

Metal Lite's allegations of antitrust violations fail to state a claim upon which relief may be granted. Generally, procurement of a patent does not constitute an antitrust violation. Exceptions exist if the plaintiff can show: (1) the patent was procured by fraud on the patent office; or (2) the patentee's infringement suit was

brought in bad faith. Here, there is no dangerous probability of monopolization because the relevant market includes all effective substitutes for the product in suit. There are at least eight different products that compete with slotted track in the wall assembly market and do not infringe the '462 patent. In addition, Metal Lite fails to allege any facts that support its allegations of fraud or bad faith.

Metal Lite's allegations of IIPEA fail to state a claim upon which relief may be granted because Metal Lite cannot establish any actions of Brady that were independently wrongful. The same argument applies to Metal Lite's inducing breach of contract and unfair competition claims. Accordingly, Metal Lite's FAC should be dismissed in its entirety.

## B. Metal Lite's Opposition

Metal Lite properly filed the FAC alleging issuance of the '462 patent and adding declaratory judgment claims pursuant to Rule 15(a) of the Federal Rules of Civil Procedure. Rule 15(a) and (d) should be read together to allow filing as a matter of course of an amended complaint adding facts that occur after the complaint is filed. Such a reading is consistent with the reading together of Rule 15(a) and Rule 21. Even if Metal Lite were required to seek leave to file the FAC, it is not grounds for dismissal.

The Court has subject matter jurisdiction over Metal Lite's claims because when the original Complaint was filed, the Court had subject matter jurisdiction over the Lanham Act and Sherman Act claims. Brady incorrectly applies the summary judgment legal standard to its Rule 12(b)(6) motion to dismiss. Metal Lite is not required to produce evidence showing that its allegations are meritorious at this time. The issue is whether Metal Lite has adequately pleaded its claims.

Metal Lite's Lanham Act and unfair competition claims state a claim because the FAC alleges that the Industry Announcement and other statements are false in numerous respects. For example, Brady's statement that "From this day forward, anyone who manufactures and sells [any style of] slotted track will infringe Brady's new patent" is literally false because no one could infringe a patent that had not yet issued. Similarly, the statement "Meanwhile, Brady's intellectual property rights are fully enforceable" is false because Brady could not enforce the reissue patent until it issued. Further, the FAC alleges that Brady continues to publish on its website the false statement that Metal Lite has not been exonerated of all infringement of the '760 patent. Setting aside the fact that the reissue patent had not issued when Brady made these statements, Brady also knows that the '462 patent is invalid.

Brady's statements are actionable even if they only create a "false impression" that Metal Lite presently infringes the '462 patent. Metal Lite further alleges that Brady made its false statements in bad faith, knowing them to be false because it knew the '462 patent was invalid.

Metal Lite's Sherman Act allegations state a claim because Metal Lite alleges that Brady, in bad faith, seeks to enforce a patent Brady knows is invalid and that Brady committed fraud on the PTO in seeking the '462 patent. Motions to dismiss are particularly disfavored in antitrust cases. Metal Lite alleges that Brady is seeking to enforce a patent it knows to be invalid in bad faith. Metal Lite further alleges that Brady obtained the '462 patent by fraud because Brady misrepresented to the PTO that the '462 is more narrow than the '760, and he failed to inform the PTO that the Federal Circuit found that Brady surrendered the subject matter in the '462 patent prosecution.

Metal Lite pleads the relevant product as "slotted metal track and metal studs used to construct interior walls." (FAC ¶ 55.) Brady's evidence should not be considered by the Court because it is not in the FAC and not subject to judicial notice.

Metal Lite states a claim for trade libel because Metal Lite alleges that Brady made actionable false statements. With regard to its IIPEA claim, Metal Lite need not establish at this point that Brady engaged in independently wrongful conduct. It is sufficient that Metal Lite alleges such conduct. Metal Lite states a claim for inducing breach of contract because independently wrongful conduct is not an element of this tort. For all of these reasons, Brady's motion to dismiss the FAC should be denied.

## C. Brady's Reply

Metal Lite does not dispute that its FAC is in fact a supplemental complaint. Rule 15(d) requires that Metal Lite seek leave of court. Metal Lite's argument that Rules 15(a) and (d) allow filing of an amended complaint before a responsive pleading is filed would make Rule 15(d) redundant and unnecessary. In the cases cited by Metal Lite, the amended pleadings did not involve substantive changes made to the body of the original complaints or new facts that occurred after the original complaints were filed. Neither of the cases discusses Rule 15(d).

Metal Lite's FAC is neither just nor harmless. Metal Lite brought this action before the '462 patent issued at a time when this Court had no declaratory judgment jurisdiction. After Brady filed its patent infringement lawsuit against Metal Lite, Metal Lite has attempted to bring in a whole new set of claims into this action without seeking the Court's permission. Metal Lite has added the new fact into every cause of action, supplementing all of

its claims, as well as added declaratory judgment claims based on the '462 patent.

There must be an actual controversy at the time the original complaint is filed. Neither the subsequent issuance of the '462 patent nor amendment alleging the reissuance can cure the jurisdictional defect. Allowing amendment would unjustly create jurisdiction where none existed at the time the complaint was filed. Contrary to Metal Lite's contention that Brady's patent infringement claims could only be brought as counterclaims to Metal Lite's original complaint, Metal Lite's claims could only be brought as compulsory counterclaims in Brady's patent infringement lawsuit. Metal Lite's FAC must be stricken, and the Court should not consider Metal Lite's request for leave to amend.

The Court lacks subject matter jurisdiction over Metal Lite's declaratory judgment claims because there was no actual case or controversy. Metal Lite cannot dispute that there was no actual controversy providing declaratory judgment jurisdiction at the time the original Complaint was filed. Instead, Metal Lite argues that the Court has subject matter jurisdiction over the original Complaint based the Lanham Act and Sherman Act allegations. The Court's federal question jurisdiction is insufficient to establish declaratory judgment jurisdiction, which requires an actual controversy. Metal Lite's claims for declaratory judgment must be dismissed.

A claim should be dismissed if it is apparent that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. Metal Lite's claims for unfair competition under the Lanham Act, California Business and Professions Code § 17200 and the common law fail because Brady's statements in the Industry Notice are neither false nor misleading. Brady's notice merely gives the public notice of the allowance of the '462 patent, of its impending issuance, and of Brady's intent to take necessary steps against those who manufacture slotted track. Metal Lite attempts to twist the unambiguous meaning of the Industry Notice. For example, Metal Lite argues that the phrase "from this day forward" includes the present and that no one could infringe a patent that hasn't yet issued. However, when read in context, "from this day forward" clearly refers to the date of issuance of the '462 patent. Similarly, the phrase "Meanwhile, Brady's intellectual property rights are fully enforceable" does not refer to its rights under the reissue patent. Rather, it refers to Brady's rights under the '760 patent.

Metal Lite further asserts that Brady seeks to enforce the '462 patent knowing that it is invalid. Such an assertion cannot be inferred from the facts, given that Brady furnished all materials to the PTO and that a patent is entitled to the presumption of validity. Brady's letter to competitors' customers before a patent issues, accurately setting forth status and expressing belief that the competitors' products would infringe the patent once it issues, is not unfair competition. *See Scosche Industries, Inc. v. Visor Gear Inc.*, 121 F.3d 675, 680 (Fed.Cir.1997). Metal Lite's cases are factually distinguishable from the present action.

Metal Lite's Sherman Act claim should be dismissed because its definition of the relevant product market is ambiguous and insufficient. The relevant product market is defined in the FAC as "slotted metal track and metal studs used to construct interior walls." It is unclear whether Metal Lite intends to include only metal tracks and metal studs covered by the '462 patent or other metal tracks and studs. Even if Brady were required to answer the FAC, Brady could not respond to Paragraph 55 and other related allegations.

Metal Lite has failed to allege any fact to support its antitrust allegations under the bad faith test. Brady's reissue patent infringement lawsuit is mentioned nowhere in Metal Lite's FAC. Rather, Metal Lite alleges that Brady has sought to enforce the '462 in bad faith through the Industry Notice and letters to Metal Lite and its customers. As set forth above, Brady simply provided notice to the public. It is unreasonable to infer that such notice was made in bad faith. Metal Lite also fails to state a claim under the fraudulent patent procurement theory. Brady provided all relevant materials to the PTO. Given the disclosures made by Brady, Metal Lite cannot argue that Brady fraudulently procured the patent.

Metal Lite's trade libel claim fails because Brady has not made any actionable false statements. For the same reason, Metal Lite's IIPEA claim fails because Brady did not engage in independently wrongful conduct. There is no claim for inducing breach of contract because the Industry Announcement and the letters to the public cannot reasonably be alleged to be intentional acts of Brady designed to induce a breach of contract. They are merely legitimate notice of Brady's intent to enforce its patent rights.

## IV.

### *LEGAL STANDARD*

To survive a motion to dismiss based upon Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, —— U.S. ——, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). A

court must accept as true all well-pleaded allegations in the complaint and must construe the allegations in the light most favorable to the nonmoving party. *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir.1996). However, the Court is not required to accept as true allegations that are conclusory, unwarranted deductions of fact, or unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.2001).[1]

## V.

### *DISCUSSION*

**A. Metal Lite's declaratory judgment claims are moot.**

On June 13, 2007, having found Claim 11 of the '462 patent to be invalid, the Court granted defendants Metal Lite, Perfect Wall, Inc., Steeler, Inc., and SCAFCO, Inc.'s motions for summary judgment and denied defendants Metal Lite and Perfect Wall, Inc.'s motion for attorneys' fees in *Brady Construction Innovations, Inc. v. Perfect Wall, Inc., et al.*, Case No. CV 07–219 AHS (MLGx) ("the Brady infringement action"). The Court takes judicial notice of the proceedings in the Brady infringement action and therefore finds Metal Lite's declaratory judgment claims moot.[2]

**B. Metal Lite states a claim for false advertising under Lanham Act, common law unfair competition, California Business and Professions Code section 17200, and trade libel laws.**

Section 1125(a) of Title 15 of the United States Code provides as follows:

---

1. The Court declines Brady's invitation to convert its motion to dismiss to a motion for summary judgment.

2. Because Metal Lite's declaratory judgment claims are moot, so is Brady's Rule 15 argu-

ment. Although Metal Lite incorporates Paragraph 18 (alleging issuance of the '462 patent) into each of its remaining claims, the fact of issuance of the '462 patent has no effect on those claims.

Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which—

> (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities, shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

15 U.S.C. § 1125(a). To establish a claim for false advertising under this provision, a plaintiff must allege "(1) a false statement of fact by the defendant in a commercial advertisement about its own or another's product; (2) the statement actually deceived or has the tendency to deceive a substantial segment of its audience; (3) the deception is material, in that it is likely to influence the purchasing decision; (4) the defendant caused its false statement to enter interstate commerce; and (5) the plaintiff has been or is likely to be injured as a result of the false statement, either by direct diversion of sales from itself to defendant or by a lessening of goodwill associated with its products." *Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1139 (9th Cir.1997). Falsity includes both literally false statements and literally true statements that are likely to mislead or confuse consumers. *Id.* When the statements at issue involve potential infringement of a patent, the statements must have been made in bad faith. *Zenith Electronics Corp. v. Exzec, Inc.*, 182 F.3d 1340, 1353 (Fed.Cir.1999).

The Industry Announcement distributed by Brady states the following:

> On June 29, 2006, the United States Patent Office issued an official notice that Todd Brady, president and owner of Brady Construction Innovations, Inc. (dba Sliptrack Systems) will receive a new patent for his SLP–TRK Brand slotted track product.... Previously, the Court of Appeals had limited the original slotted track patent in a way that Brady never intended. This new patent removes the limitation recently imposed by the Court of Appeals. From this date forward, anyone who manufactures and sells [*any style of*] slotted track will infringe Brady's new patent regardless of how the slotted track is installed. The new patent is now in the process of being printed by the Patent Office and will issue in August 2006. Meanwhile, Brady's intellectual property rights are fully enforceable.

(FAC, Ex. A p. 21.) Metal Lite contends that the Industry Announcement misleads the intended audience by implying that any slotted track infringes the '462 patent before it has issued. Brady argues that the phrase "from this date forward" refers to the date of issuance of the '462 patent and that the phrase "Brady's intellectual property rights" clearly refers to Brady's rights under the '760 patent.[3]

Metal Lite alleges that Brady's "publication of false and deceptive representations as to the reissue patent and Metal Lite's

---

**3.** Because Metal Lite states a valid claim with regard to the Industry Announcement, it is unnecessary to consider the additional statements attributed to Brady, which are not discussed in detail in the parties' papers nor appended to the Complaint.

infringement thereof, and the false statements regarding the prior lawsuit, constitute false or misleading advertising." (FAC ¶ 22.) Metal Lite further alleges that Brady's conduct is in bad faith (FAC ¶ 20), that the false and misleading statements are material (FAC ¶ 16), in interstate commerce (FAC ¶¶ 15, 17), and that Metal Lite has been injured by Brady's conduct (FAC ¶¶ 19, 23, 25). Brady contends that Brady's Industry Announcement and other statements are literally true and not misleading. Brady further contends that Brady did not act in bad faith by providing notice of the presumptively valid '462 reissue patent.

In view of the conflicting interpretations of the Industry Announcement presented by the parties, it is at least plausible that the Industry Announcement could be misleading to its audience. Further, Metal Lite alleges sufficient facts from which to infer that at least some of the statements contained in the Industry Announcement could have been made in bad faith because it alleges that Brady knew it could not enforce the '462 patent before it issued. (See ¶ 14.) The Court concludes that Metal Lite alleges sufficient facts to state a claim for false advertising that is plausible on its face.

It follows that Metal Lite also states a claim for common law unfair competition and violation of California Business and Professions Code section 17200. See Denbicare U.S.A., Inc. v. Toys "R" Us, Inc., 84 F.3d 1143, 1152 (9th Cir.1996) (observing that common law unfair competition and section 17200 claims are substantially congruent to Lanham Act false advertising claim).

] To state a claim for trade libel, a plaintiff must allege intentional disparagement of the quality of property which results in pecuniary damage to plaintiff. Atlantic Mutual Insurance Co. v. J. Lamb, Inc., 100 Cal.App.4th 1017, 1035, 123 Cal.

Rptr.2d 256 (2002). Disparagement includes statements that are untrue or misleading and intended to influence potential purchasers not to buy. Id. Brady contends that its statements are not false or misleading. For the reasons set forth in the discussion of false advertising above, Brady's argument fails and Metal Lite states a valid claim for trade libel.

## C. Metal Lite states a claim for intentional interference with prospective economic advantage and inducing breach of contract.

 To state a claim for inducing breach of contract, Metal Lite must allege (1) existence of a valid contract; (2) defendant's intent to induce a breach of the contract; and (3) a breach resulting from defendant's unjustifiable or wrongful conduct. Scott v. McDonnell Douglas Corp., 37 Cal.App.3d 277, 292, 112 Cal.Rptr. 609 (1974). Defendant's conduct need not be wrongful apart from interfering with the contract itself. Quelimane Company, Inc. v. Stewart Title Guaranty Co., 19 Cal.4th 26, 55, 77 Cal.Rptr.2d 709, 960 P.2d 513 (1998). To state a claim for intentional interference with prospective economic advantage, Metal Lite must allege (1) an economic relationship between plaintiff and a third party, with probable future economic benefit to plaintiff; (2) defendant's knowledge of the relationship; (3) intentional acts by defendant designed to disrupt the relationship; (4) actual disruption of the relationship; and, (5) economic harm to plaintiff proximately caused by acts of defendant. Korea Supply Co. v. Lockheed Martin Corp., 29 Cal.4th 1134, 1154, 131 Cal.Rptr.2d 29, 63 P.3d 937 (2003). The interfering conduct must be independently wrongful, i.e., "proscribed by some constitutional, statutory, regulatory, common law, or other determinable legal standard." Id. at 1159, 131 Cal. Rptr.2d 29, 63 P.3d 937.

Brady's contention with regard to Metal Lite's inducing breach of contract and IIP-EA claims is that the Industry Announcement and letters to Metal Lite customers do not constitute independently wrongful conduct, but rather lawful public notice of the imminent issuance of the '462 patent. However, because Metal Lite states a plausible claim for false advertising, trade libel, and unfair competition, Brady's argument cannot succeed.

**D. Metal Lite fails to state a claim for violation of the federal antitrust laws.**

] Section 2 of Title 15 forbids monopolization or attempts to monopolize any part of trade or commerce. 15 U.S.C. § 2. To state a claim for monopolization, Metal Lite must allege (1) specific intent to control prices or destroy competition; (2) predatory or anti-competitive conduct to accomplish the monopolization; (3) dangerous probability of success; and (4) causal antitrust injury. *Cost Management Services, Inc. v. Washington Natural Gas Co.*, 99 F.3d 937 (9th Cir.1996).

] In general, procurement of a patent does not violate the antitrust laws. *See FMC Corp. v. Manitowoc Co.*, 835 F.2d 1411, 1418 n. 16 (Fed.Cir.1987). However, a patentee may face antitrust claims for the anti-competitive effects of patent enforcement where the antitrust plaintiff adequately alleges either (1) that the asserted patent was obtained through knowing and willful fraud; or (2) that the infringement suit was a "mere sham." *Nobelpharma AB v. Implant Innovations, Inc.*, 141 F.3d 1059, 1068 (Fed.Cir.1998).[4]

Brady contends that Metal Lite fails to adequately define the relevant product market and fails to allege sufficient facts

to demonstrate a plausible claim for fraud in the procurement of the '462 patent or bad faith enforcement of the '462 patent. Metal Lite alleges that "Defendants willfully have misused and are misusing the reissue patent" (FAC ¶ 59) and that "Because Defendants know the reissue patent is invalid, unenforceable and not infringed, Defendants' claims and litigation threats are so objectively baseless that no reasonable person or entity could expect to succeed on the merits" (FAC ¶ 60.) Metal Lite further alleges that Brady failed to provide the PTO with all relevant information during prosecution of the '462 patent. (FAC ¶ 12–13.)

This Court previously denied defendants Metal Lite and Perfect Wall's motion for attorneys' fees in the Brady infringement action, finding that there was no evidence that Brady misrepresented facts before the PTO. The Court takes judicial notice of its findings in the Brady infringement action and therefore finds that Metal Lite cannot allege that Brady obtained the '462 patent fraudulently within the meaning of *Nobelpharma and Walker Process Equipment, Inc. v. Food Machinery and Chemical Corp.*, 382 U.S. 172, 177, 86 S.Ct. 347, 15 L.Ed.2d 247 (1965) or that Brady attempted to enforce the '462 patent in bad faith knowing it to be invalid.

The FAC also fails to adequately allege bad faith or "sham" enforcement of the '462 patent for the simple reason that all of Brady's alleged "enforcement" attempts occurred before issuance of the '462 patent. As Metal Lite's claims for false advertising and trade libel demonstrate, this lawsuit, properly framed in light of the Court's invalidation of Claim 11 in the Brady infringement action, is primarily

4. The Court applies the law of the Court of Appeals for the Ninth Circuit to Metal Lite's antitrust claim, and the law of the Court of Appeals for the Federal Circuit to determine whether conduct in procuring or enforcing a patent is sufficient to strip the patentee of its immunity for antitrust laws. *Nobelpharma*, 141 F.3d at 1067–68.

concerned with Brady's conduct leading up to the issuance of the M62 patent. Metal Lite's antitrust allegations similarly are framed in terms of "claims and threats" prior to issuance of the '462 patent, rather than legitimate enforcement attempts after the '462 patent issued. (*See* FAC ¶¶ 59–60.) Accordingly, Metal Lite fails to allege an antitrust violation pursuant to the "sham enforcement" exception from a patentee's immunity under the patent laws.

Because the Court finds that Metal Lite cannot allege plausible facts to establish an exception to patent immunity from the antitrust laws, the Court does not reach Brady's argument regarding the sufficiency of Metal Lite's definition of the relevant product market.

## VI.

### *CONCLUSION*

For the foregoing reasons, the Court dismisses as moot Metal Lite's eighth, ninth, and tenth claims which seek declaratory relief. The Court grants Brady's motion to dismiss with regard to the seventh claim for antitrust violations.

The Court denies Brady's motion to dismiss Metal Lite's first through sixth causes of action.

IT IS SO ORDERED.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Order on counsel for all parties in this action.