# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

————————

No. 04-3441

————————

Kenneth Brooks; Terrie Brooks,    *
                                      *

    Plaintiffs - Appellants,     *
                                        *   Appeal from the United States

v.                                   *   District Court for the
                                        *   Western District of Arkansas.

Tri-Systems, Inc.,          *
                                      *

    Defendant - Appellee.     *

————————

Submitted: May 13, 2005
Filed: October 11, 2005

————————

Before LOKEN, Chief Judge, HANSEN and MELLOY, Circuit Judges.

————————

LOKEN, Chief Judge.

In this diversity suit, Kenneth and Terrie Brooks appeal the district court's[1] grant of summary judgment dismissing their claim that Tri-Systems, Inc. ("Tri-Systems"), negligently spilled construction debris on a state highway that caused Kenneth Brooks's single-vehicle accident. Reviewing the grant of summary judgment de novo, and viewing the facts in the light most favorable to Mr. and Mrs. Brooks, the non-moving parties, we affirm. See Roeder v. Metro. Ins. & Annuity Co., 236 F.3d 433, 436 (8th Cir. 2001) (standard of review).

---

[1]The HONORABLE ROBERT T. DAWSON, United States District Judge for the Western District of Arkansas.

Brooks left his cabin on a Sunday afternoon to do laundry and watch television at the home of relatives who were out of town. That night, unable to sleep, he decided to return to his cabin, a one hour drive. At approximately 1:00 a.m., near his cabin, Brooks failed to negotiate a curve in the road, lost control of his pick-up truck, and crossed back and forth across the roadway before colliding with a concrete bridge and then the bank of a ditch. The truck came to rest upside down with Brooks unable to exit. He was rescued several hours later and sustained serious permanent injuries.

At the time of the accident, Tri-Systems was regularly hauling construction debris from the site of a nearby project. Tri-Systems had shut down its operations at the site at 5:00 p.m. the preceding Thursday, some eighty hours before the accident, and did not resume work until after the accident. Mr. and Mrs. Brooks later heard of complaints that the Tri-Systems dump truck lacked a tailgate and routinely dumped debris in the road where the accident occurred. They commenced this action, alleging that debris negligently spilled by Tri-Systems proximately caused the accident.

In his deposition, Brooks testified that he could not recall whether there was debris in the roadway when he lost control of his truck. In her deposition, Mrs. Brooks testified that, when Brooks awoke in the intensive care unit of the hospital, she asked him what happened, and he responded, "I hit some rocks in the road. I hit some gravel in the road. . . . All I know is I hit a bunch of gravel and lost control of my truck." In response to Tri-Systems' motion for summary judgment, Mr. and Mrs. Brooks submitted an affidavit by Denver McRae, the owner of a nearby store. McRae averred that many customers had complained of debris in the road spilled by the Tri-Systems truck. At the end of the affidavit, McRae stated, "On the day of the accident there was debris at the big curve, the exact curve where Mr. Brooks had his accident."

The district court granted summary judgment in favor of Tri-Systems, concluding that, without credible evidence that there was debris in the road at the time of the accident, or that Tri-Systems was hauling debris shortly before the

accident, any finding that Tri-Systems debris caused the accident would be impermissible speculation. On appeal, Mr. and Mrs. Brooks argue that the McRae affidavit and Mrs. Brooks's testimony relating what Mr. Brooks said when he awoke are sufficient evidence to create a genuine issue of material fact whether Tri-Systems debris in the road caused the accident.

We begin with the McRae affidavit. Rule 56(c) of the Federal Rules of Civil Procedure provides that affidavits may be considered in ruling on a motion for summary judgment. However, affidavits "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Rule 56(e). When an affidavit contains an out-of-court statement offered to prove the truth of the statement that is inadmissible hearsay, the statement may not be used to support or defeat a motion for summary judgment. See Pink Supply Corp. v. Hiebert, Inc., 788 F.2d 1313, 1319 (8th Cir. 1986).

In this case, McRae had first hand knowledge of what customers told him about debris on the road but not of the truth of what they told him. Thus, his entire affidavit would likely be inadmissible to prove the truth of those customer statements. But even if the customer portions of his affidavit could be considered, McRae provided no source or support whatsoever for the additional averral that there was debris on the curve in the road at 1:00 a.m. on the day of the accident. That averral is not admissible because the affidavit does not "show affirmatively that the affiant is competent to testify" to that matter. In some instances, courts will infer personal knowledge from the content or context of a statement in an affidavit. See 11 Moore et al., Moore's Federal Practice ¶ 56.14[1][c] (3d ed. 2005). The content and context of this statement, however, do not support an inference that it reflected McRae's personal knowledge. Thus, the district court properly ignored this statement and concluded that the McRae affidavit was not evidence that Tri-Systems debris in the road caused the accident.

-3-

Turning to Mrs. Brooks's testimony, deposition testimony must also be admissible to be considered in ruling on a motion for summary judgment. See Firemen's Fund Ins. Co. v. Thien, 8 F.3d 1307, 1310-11 (8th Cir. 1993). Mrs. Brooks's testimony about what her husband said is hearsay, but the district court considered it, no doubt because Tri-Systems did not object and because the statement made when Brooks awoke was at least arguably an "excited utterance." See Fed. R. Evid. 803(2); Reed v. Thalacker, 198 F.3d 1058, 1061 (8th Cir. 1999). But the statement was inconsistent with Brooks's subsequent testimony that he could not recall if there was debris in the roadway. More importantly, the statement shed no light on the source of whatever rocks or gravel may have been in the road, nor on whether Brooks's truck was riding on the shoulder and hit rocks or gravel there.

Given the uncontroverted evidence that the Tri-Systems truck had not navigated the curve for eighty hours before the accident, we agree with the district court that Mrs. Brooks's testimony, combined with the evidence that Tri-Systems operated a dump truck without a tailgate that dumped debris in the road many days before and after the accident, are insufficient to permit a reasonable jury to find that debris spilled by Tri-Systems caused this accident. Accordingly, the district court properly granted Tri-Systems motion for summary judgment. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986) (summary judgment is appropriate if reasonable jurors could find only in favor of the moving party).

The judgment of the district court is affirmed.

_____

-4-