# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-3735

_____

Cheryl Brewer Southworth,     *
                           *

         Appellant,        *

                           *    Appeal from the United States

    v.                    *    District Court for the

                           *    Eastern District of Missouri.

Missouri Department of Corrections,    *

                           *       [UNPUBLISHED]

         Defendant,        *

                           *

Correctional Medical Services,      *

                           *

         Appellee.         *

_____

Submitted: December 6, 2007
Filed: December 27, 2007

_____

Before MURPHY, SMITH, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Missouri inmate Cheryl Brewer Southworth appeals the district court's[1] adverse grant of summary judgment to Correctional Medical Services (CMS) in her 42 U.S.C. § 1983 action. We review de novo the grant of summary judgment, viewing the evidence in a light most favorable to Southworth. See Alberson v. Norris, 458 F.3d

_____

[1]The Honorable Jean C. Hamilton, United States District Judge for the Eastern District of Missouri.

762, 765 (8th Cir. 2006). To prevail in an Eighth Amendment lawsuit, an inmate must show that her known serious medical needs were deliberately disregarded. See id. To defeat CMS's summary judgment motion, Southworth had to create trialworthy issues as to whether there was a CMS policy, custom, or action by those who represent official CMS policy, that inflicted an Eighth Amendment injury. See Sanders v. Sears, Roebuck & Co., 984 F.2d 972, 975-76 (8th Cir. 1993) (corporate liability under § 1983).

While Southworth offered documents showing that her physical and mental condition significantly deteriorated during the period at issue, she did not establish a jury question as to whether there was a CMS policy or custom of denying appropriate tests and treatment to inmates who exhibit the signs and symptoms she reported or experienced, or as to whether financial concerns dictated diagnostic and treatment decisions. See Moody v. St. Charles County, 23 F.3d 1410, 1412 (8th Cir. 1994) (party seeking to defeat summary judgment must substantiate allegations with sufficient probative evidence to permit finding in his favor based on more than speculation or conjecture). Southworth could not defeat summary judgment with articles about CMS and prison medical care in general, or by offering the views of laypersons that CMS provided Southworth with inadequate care, and that CMS providers are known to base their treatment decisions on cost. See Brooks v. Tri-Systems, Inc., 425 F.3d 1109, 1111 (8th Cir. 2005) (hearsay cannot be used to defeat summary judgment motion); Perry v. Kemna, 356 F.3d 880, 889 (8th Cir. 2004) (noting that newspaper articles were hearsay and also unrelated to proceedings); Erickson v. Farmland Indus., Inc., 271 F.3d 718, 728 (8th Cir. 2001) (affidavits opposing summary judgment shall be made on personal knowledge, and show affirmatively that affiant is competent to testify to matters stated therein).

Accordingly, we affirm. We also deny the pending motions.
_____