# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-2080
_____

Kimberly L. Connors

*Plaintiff - Appellant*

v.

Merit Energy Company, LLC

*Defendant - Appellee*

Merit Energy Associates, LP; Merit Energy Management GP, LLC; Merit Energy Partners VIII, LP; Merit Energy Partners X, LP; Merit Arkansas of Texas, LLC, doing business as Merit Arkansas, LLC; MMGJ Arkansas Midstream, LLC; MMGJ Arkansas Upstream, LLC; MMGJ Arkansas, LLC; MMGJ East Texas, LLC; Merit East Texas, LLC; Merit Management Partners GP, LLC

*Defendant*s

------------------------------

Equal Employment Opportunity Commission

*Amicus on Behalf of Appellant(s)*

_____

Appeal from United States District Court
for the Western District of Arkansas - Ft. Smith

_____

Submitted: February 9, 2023
Filed: February 15, 2023
[Unpublished]
_____

Before LOKEN, GRUENDER, and ERICKSON, Circuit Judges.
_____

PER CURIAM.

This action arises out of Merit Energy Company, LLC's ("Merit") decision not to hire Kimberly L. Connors as a lease operator following Merit's purchase of part of an ongoing oil and gas operating company—XTO Energy—in the Ozark, Arkansas, area. Prior to the acquisition, Connors had been employed as a lease operator by XTO Energy for 17 years and had one of the longest routes. Of the 28 lease operators XTO Energy employed, Connors was the only female. When Merit began operating in the Ozark area, it determined it would need to hire 20 of XTO's former lease operators. Merit did not extend an offer of employment to Connors, who was 55 years old at the time. Connors now appeals the adverse grant of summary judgment on her claims for age and sex discrimination under the Age Discrimination in Employment Act ("ADEA"), Title VII, and the Arkansas Civil Rights Act ("ACRA").

We review the grant of summary judgment *de novo*, viewing the facts in the light most favorable to Connor and giving her the benefit of all reasonable inferences that can be drawn from the record. Banks v. Deere, 829 F.3d 661, 665 (8th Cir. 2016). In the failure-to-hire context, a plaintiff may establish a *prima facie* case of discrimination by showing: (1) she was a member of a protected group; (2) she applied for an available position; (3) she was qualified for the position; (4) she was not hired; and (5) similarly situated individuals, not part of the protected group, were hired instead. Farver v. McCarthy, 931 F.3d 808, 812 (8th Cir. 2019).

We turn first to Connor's age discrimination claim. "[T]he ADEA prohibits discrimination against employees, over the age of 40, because of their age." Tramp v. Associated Underwriters, Inc., 768 F.3d 793, 798 (8th Cir. 2014) (quoting Holmes v. Trinity Health, 729 F.3d 817, 821 (8th Cir. 2013)). It is undisputed that Connors can establish the first four factors of the *prima facie* test—she is over 40 years of age, she applied to be a lease operator, she was qualified for the position, and Merit chose not to hire her. But, Connors cannot establish the fifth factor. Of the 20 lease operators hired by Merit, the majority were members of the same protected class as Connors. Specifically, 13 of the 20 lease operators hired by Merit were over the age of 40. Indeed, five of them were the same age as Connors (55 years) or older. See McGinnis v. Union Pac. R.R., 496 F.3d 868, 875-76 (8th Cir. 2007) (no *prima facie* case of age discrimination where 49-year-old plaintiff was replaced by 53-year-old employee). Thus, Connors failed to carry her burden and summary judgment in favor of Merit was appropriate.

On the sex discrimination claim, Connors did establish a *prima facie* case, because Merit hired only men to fill the lease operator positions. Thus, the burden shifts to Merit "to articulate a legitimate, non-discriminatory reason" for failing to hire her. Blackwell v. Alliant Techsystems, Inc., 822 F.3d 431, 435 (8th Cir. 201`6) (quotation omitted). And, if Merit demonstrates such a reason, the burden shifts back to Connors to prove the proffered justification is merely a pretext for discrimination. Id. While Merit argues that Connors was not hired due to lack of enthusiasm, clashes with her former supervisor, failure to properly wear fire-resistant clothing, failure to follow certain directions impacting well production, and because XTO supervisors were more complimentary about other lease operators, we conclude that Connors produced sufficient evidence to rebut each of these justifications at this stage in the litigation.

Most of Merit's purported evidence that Connors clashed with her supervisors was based on either after-acquired testimony, which could not have influenced its hiring decisions, or contested hearsay statements. See Brooks v. Tri-Systems, Inc., 425 F.3d 1109, 1111 (8th Cir. 2005) (inadmissible hearsay may not be used to

support or defeat summary judgment). Regarding safety concerns, Connors testified with sufficient detail to discredit these concerns, for purposes of summary judgment. See McCullough v. Real Foods, Inc., 140 F.3d 1123, 1129 (8th Cir. 1998) (where employer's asserted nondiscriminatory reasons are essentially checkmated by plaintiff's denials there a exists reasonable, nonspeculative inference that employer's action was based on impermissible consideration). Regarding production concerns (failure to "soap" her wells), contemporaneous interview notes suggest this allegation may be unfounded. And, while Connors had 12 years of experience and operated one of the longest routes while at XTO, several of the male lease operators hired by Merit lacked the same depth of knowledge and experience. Merit insists that it was entitled to base hiring decisions on other subjective criteria such as enthusiasm for the job but, based on the record before us, a reasonable jury may doubt the sincerity of this rationale. Id. at 1125-29 (reasonable inference of discrimination arose where employer chose objectively less qualified individual based on subjective criteria, such as his perception of employees' abilities, work ethic, and dedication). Accordingly, we conclude that Connors provided sufficient evidence—at the summary judgment stage—to establish that Merit's justifications were a possible pretext for sex discrimination, and so summary judgment in favor of Merit was improper.

For the foregoing reasons, we affirm the grant of summary judgment as to the age discrimination claims, but we reverse as to the sex discrimination claims. We remand to the district court for proceedings consistent with this opinion.

_____